IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

CASE NO.

CLIFF JOSEPHSON,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA")..

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, CLIFF JOSEPHSON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Collier, and City of Naples.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC, ("Defendant"), is a limited liability corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5), as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), as well as the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant caused Plaintiff's cellular telephone to ring no fewer than thirty-three (33) separate occasions during a period of thirty-nine days, repeatedly and continuously with intent to harass, annoy or abuse Plaintiff, and in fact did so, including, but not limited to, calls placed on the following dates and times: January 20, 2011 at 12:19 P.M.; January 21, 2011 at 5:21 P.M.; January 24, 2011 at 4:30 P.M.; January 26, 2011 at 4:36 P.M.; January 27, 2011 at 12:58 P.M.; January 30, 2011 at 12:50 P.M.; January 31, 2011 at 12:07 P.M.; February 3, 2011 at 9:25 A.M.; February 3, 2011 at 2:57 P.M.; February

4, 2011 at 8:31 A.M.; February 4, 2011 at 11:39 A.M.; February 5, 2011 at 11:18 A.M.; February 7, 2011 at 8:59 A.M.; February 7, 2011 at 9:34 A.M.; February 8, 2011 at 8:35 A.M.; February 8, 2011 at 9:54 A.M.; February 11, 2011 at 8:31 A.M.; February 12, 2011 at 8:12 A.M.; February 12, 2011 at 3:11 P.M.; February 15, 2011 at 8:16 A.M.; February 15, 2011 at 12:24 P.M.; February 15, 2011 at 2:47 P.M.; February 16, 2011 at 1:05 P.M.; February 17, 2011 at 8:20 A.M.; February 17, 2011 at 10:46 A.M.; February 18, 2011 at 8:53 A.M.; February 25, 2011 at 8:26 A.M.; February 25, 2011 at 9:25 A.M.; February 25, 2011 (time unknown); February 26, 2011 (time unknown); February 26, 2011 at 3:35 P.M., February 27, 2011 at 3:30 P.M., February 28, 2011 at 9:30 A.M.

12. In connection with the collection of an alleged debt, Defendant placed no fewer than twenty-one (21) voicemail messages on Plaintiff's cellular telephone, and in each such instance, failed to disclose to the Defendant's true corporate or business name and further failed to notify Plaintiff that such communications were from a debt collector, including, but not limited to, calls placed on the following dates and times: January 21, 2011 at 5:21 P.M.; January 27, 2011 at 12:58 P.M.; February 3, 2011 at 9:25 A.M.; February 3, 2011 at 2:57 P.M.; February 4, 2011 at 8:31 A.M.; February 4, 2011 at 11:39 A.M.; February 5, 2011 at 11:18 A.M.; February 7, 2011 at 8:59 A.M.; February 7, 2011 at 9:34 A.M.; February 8, 2011 at 8:35 A.M.; February 8, 2011 at 9:54 A.M.; February 11, 2011 at 8:31 A.M.; February 12, 2011 at 8:12 A.M.; February 12, 2011 at 3:11 P.M.; February 15, 2011 at 8:16 A.M.; February 15, 2011 at 12:24 P.M.; February 15, 2011 at 2:47 P.M.; February 16, 2011 at 1:05 P.M.; February 17, 2011 at 8:20 A.M.; February 17, 2011 at 10:46 A.M.; February 18, 2011 at 8:53 A.M.

13. In connection with the collection of an alleged debt, Defendant placed no fewer than thirty-three (33) non-emergency calls to Plaintiff's cellular telephone, without prior express

consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or prerecorded voice, including but not limited to, calls placed on the following dates and times: January 20, 2011 at 12:19 P.M.; January 21, 2011 at 5:21 P.M.; January 24, 2011 at 4:30 P.M.; January 26, 2011 at 4:36 P.M.; January 27, 2011 at 12:58 P.M.; January 30, 2011 at 12:50 P.M.; January 31, 2011 at 12:07 P.M.; February 3, 2011 at 9:25 A.M.; February 3, 2011 at 2:57 P.M.; February 4, 2011 at 8:31 A.M.; February 4, 2011 at 11:39 A.M.; February 5, 2011 at 11:18 A.M.; February 7, 2011 at 8:59 A.M.; February 7, 2011 at 9:34 A.M.; February 8, 2011 at 8:35 A.M.; February 8, 2011 at 9:54 A.M.; February 11, 2011 at 8:31 A.M.; February 12, 2011 at 8:12 A.M.; February 12, 2011 at 3:11 P.M.; February 15, 2011 at 8:16 A.M.; February 15, 2011 at 12:24 P.M.; February 15, 2011 at 2:47 P.M.; February 16, 2011 at 1:05 P.M.; February 17, 2011 at 8:20 A.M.; February 17, 2011 at 10:46 A.M.; February 18, 2011 at 8:53 A.M.; February 25, 2011 at 8:26 A.M.; February 25, 2011 at 9:25 A.M.; February 25, 2011 (time unknown); February 26, 2011 (time unknown); February 26, 2011 at 3:35 P.M., February 27, 2011 at 3:30 P.M., February 28, 2011 at 9:30 A.M.

    14.    Defendant, in connection with an attempt to collect an alleged debt, placed calls to Plaintiff's cellular telephone on January 24, 2011 at 4:30 P.M., January 26, 2011 at 4:34 O.M. and February 18, 2011 at 8:52 A.M., and at such times, left Plaintiff voicemail messages in which Defendant identified itself as "FRM," a name that is not Defendant's true business and/or corporate name, and a name that Defendant is not registered and/or licensed to use as a trade name or "d/b/a" name.

    15.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

25. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

27. Defendant violated 15 U.S.C. § 1692e(14) by falsely using a business, company or organization name other than the true name of Defendant's business, company or organization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(14);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

30. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

31. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor, or any member of his family with such a frequency as would reasonably be expected to harass the debt or the debtor's family, or such other conduct reasonably expected to abuse or harass the debtor or any member of the debtor's family.

32. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, CLIFF JOSEPHSON, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 10th day of May, 2011.

Respectfully submitted,
**CLIFF JOSEPHSON**

By: /s/ Alex Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com